# CHARLESTON.

P. E. CUTRIGHT AND ITHIEL NEELY v. J. W. SEXTON AND
JOHN B. NEFF

(No. C. C. 310)

Submitted September 9, 1924.   Decided April 28, 1925.

FENCES—*Agreement of Landowners for Construction or Repair of Division Fence Held Enforceable and Not Affected by Statute.*

An agreement between the owners of adjoining lands for the construction or repair of a division fence is not affected by Chapter 60 of the Code, providing for the settlement of disputes between such owners by arbitrators to be agreed upon by them or appointed by the county court; and may be enforced in the courts as any other contract.

(Fences, 25 C. J. § 6).

NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Case Certified from Circuit Court, Upshur County.

Suit by P. E. Cutright and another for prohibition to be directed to J. W. Sexton and John B. Neff, a justice of the peace. After entering order overruling relators' objection to filing answer and refusing writ of prohibition, trial court set aside order denying relief and certified its action overruling objection to filing answer.

*Affirmed.*

C. N. Pew, and Wm. T. George, for plaintiffs.

LITZ, JUDGE:

The relators, P. E. Cutright and Ithiel Neely, as tenants in common, and the respondent, J. W. Sexton, own adjoining lands in Upshur County. The respondent Sexton recovered judgment against relators before the respondent, John B. Neff, a justice of the peace, for $16.33, as the amount to be paid by relators of the cost of repairing a division fence between the properties. Thereafter, upon a petition, relators obtained from the Circuit Court of Upshur County a rule against the respondents, requiring them to show cause why a writ of prohibition should not be awarded prohibiting the justice from issuing or enforcing an execution on the judg-

ment, and also prohibiting the respondent Sexton from further proceeding to enforce the payment of the alleged claim until the amount thereof shall have been determined by three disinterested men, agreed upon by the parties or appointed by the county court, under chapter 60 of the Code.

The respondents, having appeared to the rule, demurred to the petition, and presented and asked leave to file, over the objection of relators, an answer and supporting affidavits. Upon a final hearing of the proceeding, an order was entered overruling the objection of the relators to the filing of the answer and refusing the writ of prohibition. Some time later the trial court set aside the order denying relief, and certified its action, overruling the objection to the filing of the answer, to this Court for review.

The petition sets up that the parties cannot agree on the amount to be paid by the relators to the respondent Sexton for the repair of the fence in question, and that an ascertainment thereof by arbitrators agreed upon or appointed by the county court, as provided by sections 6 and 7, chapter 60, Code, is prerequisite to the enforcement of the claim by suit. The basis of the proceeding is, therefore, the alleged want of jurisdiction on the part of the justice to try the matter in dispute.

Section 4, chapter 60, Code, requires adjoining land owners to make and maintain a just proportion of the division fence, unless the owner or owners of either of the adjoining lands shall choose to have it remain open. By section 5, a person who has chosen to let his land lie open, but afterwards encloses it, is required to refund to the owner of the adjoining land a just proportion of the value at that time of any division fence that shall have been made by him. Under section 6, the value of such fence and the proportion thereof to be paid by such persons, and the portion of the division fence to be built by him in case of his enclosing his land, shall be determined, in event the parties cannot agree, by three parties to be agreed upon by them; and if they cannot so agree, by three disinterested persons to be appointed by the county court on motion of either party, after reasonable notice to the other. Section 7 provides that if a dispute arises between the owners of adjoining lands concerning the

proportion or particular part of the fence to be maintained or made by either of them, or the amount to be paid by one party to the other for the fence already built or maintained, such dispute shall be settled by three persons to be selected as provided in section 6; and the amount so ascertained to be paid by one party to the other may be recovered in any court having jurisdiction of the case.

The answer avers, in effect, that the respondent Sexton and the relator Cutright, prior to the repair of the division fence, agreed upon the extent and character of the work, and the proportion of the cost to be borne by the respective parties; that the work was performed under the direction of the said respondent strictly in accordance with the contract; and that the judgment recovered before the justice represents the amount for which the relators are liable under the agreement.

Assuming that the statute is valid, and that it provides an exclusive remedy in the cases specified, neither of which need be determined, it plainly has no application to the case presented by the answer, where the parties have agreed. The owners of adjacent lands may make valid agreements as to the construction and maintenance of partition fences, even when the matter is regulated by statute. 25 C. J. p. 1018. "While the statute provides a procedure for ascertaining and fixing the rights and duties of coterminous proprietors with respect to a division fence, it is not exclusive but they may by contract adjust their respective rights and obligations. *Meyer* v. *Perkins,* 89 Nebr. 59, 62, 130 N. W. 986, Ann. Cas. 1912-C 468.

We are of opinion to affirm the ruling of the circuit court, and it will be so certified.

*Affirmed.*